**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **ADMAR INTERNATIONAL, INC.,** | * | **CIVIL ACTION NO:** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **LISA JACQUELYN HAKIM and CHAZON "ZONI" STEIN** | * | **MAGISTRATE JUDGE:** |
| | * | |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Admar International, Inc. brings this action for injunctive relief and damages against Defendants Lisa Jacquelyn Hakim and Chazon "Zoni" Stein and, in support thereof, avers as follows:

**PRELIMINARY STATEMENT**

This is an action for infringement of Plaintiff's federally registered trademark NUBY under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition, false designation of origin, and false association under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for substantial and related claims under the laws of the State of Louisiana, all arising from Defendants' unauthorized use and reproduction of the NUBY word mark and NUBY Logo—including Defendants' publication of a staged "documentary"-style social media post and related posts.

**PARTIES**

1. Plaintiff Admar International, Inc. ("Plaintiff" or "Admar") is a Delaware corporation with its principal place of business in Monroe, Louisiana.

2. Defendant Lisa Jacquelyn Hakim ("Lisa Hakim") is an individual, who, upon information

and belief, currently resides in Florida.

3. Defendant Chazon "Zoni" Stein is an individual who, upon information and belief, currently resides in Florida.

**JURISDICTION & VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b) because Plaintiff asserts claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants in that each Defendant has purposefully directed the conduct giving rise to this action at Louisiana and this judicial district. Personal jurisdiction is also proper under Louisiana's long-arm statute, La. R.S. § 13:3201.

6. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district, where Plaintiff resides and where the harm to the NUBY mark and to Plaintiff's goodwill is suffered.

**FACTS**

***The NUBY marks***

7. Nouri Edward Hakim is the creator of the NUBY word mark and NUBY Logo. The NUBY marks are widely used on a wide range of products, many associated with pacifiers, cups, infant feeding, teething, bathing, oral care, child-development, and many other products.

8. On April 20, 1999, Mr. Hakim filed an application to register the NUBY word mark with the United States Patent and Trademark Office ("USPTO").

9. On March 28, 2000, USPTO issued U.S. Trademark Registration No. 2,335,700 for the mark NUBY, for infant pacifiers in International Class 10. *See* Exhibit A.

10. On July 11, 2006, Mr. Hakim transferred ownership of the NUBY marks and registrations together with their associated goodwill to Admar, a company owned and established by Mr. Hakim to own and manage his intellectual property. Since its formation, Admar has conducted its business from Monroe, Louisiana.

11. In addition to Registration No. 2,335,700, Admar owns fifteen (15) other U.S. trademark registrations for the NUBY word mark in various international classes and for the various goods and services described in the chart attached as Exhibit B.

12. Admar also owns a distinctive NUBY Logo, consisting of the stylized word "NUBY" in red with white outlining and an inverted heart over the letter "u" (the "NUBY Logo"), which Admar has used in connection with NUBY-branded products since at least 1998.

13. Admar also owns valid, subsisting, and active Louisiana trademark registrations for the NUBY word mark and the NUBY Logo, issued by the Louisiana Secretary of State, including Registration (Book) No. 66-9913 in Class 21 (baby products), registered January 12, 2017. A true and correct copy of the Louisiana registration record is attached as Exhibit C.

14. Admar and its predecessor, Mr. Hakim, have at all times been the exclusive owners of the NUBY word mark and NUBY Logo.

15. Admar has widely licensed the NUBY word mark and Logo in interstate commerce continuously since January 1, 1998, in connection with the promotion, sale, and distribution of products for infants, children, childcare, and other products in the United States. Since that time, the NUBY word mark and NUBY Logo have become associated with high-quality products using the NUBY marks.

16. Since 1998, Admar and its licensees have extensively and continuously promoted, advertised, sold, and distributed baby products bearing the NUBY word mark and Logo throughout

the United States, including infant feeding, teething, bathing, oral care, and child-development products.

17. Admar and its licensees promote and sell baby products under the NUBY word mark and Logo through national and regional retailers, and over the internet, including through various online marketplaces, reaching consumers throughout the United States.

18. Admar and its licensees have expended substantial time, money, and resources advertising and promoting baby products sold under the NUBY word mark and Logo throughout the United States, including through point-of-purchase materials, in-store displays, print and digital advertising, and social media. As a result of these efforts, Admar's licensees have sold millions of dollars in products in the United States using the NUBY word mark and Logo.

19. Admar supervises and controls the design, manufacture, promotion, and sale of the products offered under the NUBY word mark and Logo to ensure they are consistently of the highest quality, and all goodwill associated with the NUBY word mark and Logo inures to the benefit of Admar.

20. As a result of its long, widespread, continuous, and substantially exclusive use, extensive promotion, and commercial success, the NUBY word mark and Logo are distinctive to both the consuming public and the trade, have acquired substantial recognition and goodwill, and are widely recognized by the general consuming public of the United States as a designation of the source of Admar's and its licensees' products. The NUBY word mark and Logo were widely recognized and famous long before Defendants' conduct alleged herein.

***Current dispute***

21. Defendant Lisa Hakim holds ownership interests in numerous Louisiana corporations and limited liability companies that are headquartered and operate in Monroe, Louisiana. Some of

those companies are substantial licensees of the NUBY word mark and Logo. Ms. Hakim has received significant economic benefit from her ownership interests in the numerous Louisiana entities. In connection with her ownership interests in those entities, Ms. Hakim conducts substantial business in Monroe, Louisiana.

22. Ms. Hakim has voluntarily submitted to the jurisdiction of the Louisiana judicial system. For example, on April 23, 2026, Lisa Hakim filed a *pro se* "Petition for Declaratory Relief, Injunctive Relief, Accounting, Damages, and Oppressed Shareholder Relief" in the Fourth Judicial District Court for the Parish of Ouachita, Louisiana, No. 26-1508.

23. Upon information and belief, Defendant Lisa Hakim operates the Instagram account with the handle "lj_unscripted," which has over one thousand followers.

24. Upon information and belief, Defendant Zoni Stein operates the Instagram account with the handle "onlyinhollywoodbeach." The account references (i.e., "tags") the website for "hollywood beach group," which, upon information and belief, offers vacation-rental booking services.

25. Upon information and belief, Defendant Zoni Stein also operates the Instagram accounts with the handles "onlyinnritya," "professional_accountability," and/or "abuse_education."

26. The accounts mentioned in paragraph 25 each tag the account with the handle "onlyinhollywoodbeach," and each of those accounts has between 2,000 and 3,000 followers.

27. On October 22, 2026, Defendant Lisa Hakim and/or Defendant Zoni Stein posted to the accounts mentioned in paragraphs 23 and 25 an AI-generated image advertising and promoting a "documentary" about Lisa Hakim's life in which they use without authorization the NUBY word mark and an adulterated version of the NUBY Logo. As of the date of this Complaint, it has not been removed:




28. In comments to the post, Defendants tag the NUBY U.S.A. account, other NUBY regional accounts, and FBI Miami's account, among others, and summarize the "documentary." *See* Exhibit D.

29. The summary, as translated from Tamil, reads as follows:

🎬 Coming soon: THE CONSPIRACY (Tamil gloss: "plot / scheme")
An heir of a wealthy family. A mother of three children. A woman fighting to protect a family, property rights, and the truth.
A documentary centered on the real-life struggle of Lisa Hakim, a family partner of Nuby, the world-famous children's products company.
Three judges. Lawyers. Psychology experts. Police. Religious leaders. Parents. Business partners.
A story that began with a divorce case and turned into a struggle for the children's protection, ancestral property, power, money, and finances.
If you are an heir to wealth but cannot access or protect it, what is the meaning of that wealth?
💥 This is not a Cinderella story. It is a struggle that happened in real life.

THE CONSPIRACY: COMING SOON
A documentary based on true incidents, court documents, and controversial allegations. The allegations have not been proven and presented as verdicts.
True-story documentary

30. Defendants' post and accompanying promotional materials reproduce Plaintiff's NUBY Logo and use the registered NUBY word mark to promote and advertise Defendants' "documentary" and their related promotional and commercial activities, in each case without the authorization or consent of Plaintiff.

31. Defendants' conduct, including tagging the NUBY U.S.A. account and other regional accounts, and presenting Defendant Lisa Hakim as connected and associated with the NUBY marks and their owner Admar, is likely to cause confusion, mistake, or deception, and to deceive the public into believing, contrary to fact, that Defendants are affiliated, connected, or associated with Plaintiff and the NUBY marks, or that Plaintiff is the source or sponsor of, or endorses, or approves, Defendants' post and "documentary."

32. Defendants' acts are willful and were undertaken with knowledge of Plaintiff's prior and superior rights in the NUBY marks and with the intent to trade on the goodwill symbolized by the NUBY marks.

33. Defendants' acts are causing, and unless enjoined will continue to cause, immediate and irreparable harm to Plaintiff and to the valuable reputation and goodwill symbolized by the NUBY marks.

## COUNT I
**False Designation of Origin and False Association—Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

34. Plaintiff repeats and realleges the allegations of each of the foregoing and following paragraphs as if fully set forth herein.

35. The NUBY word mark is a valid, protectable trademark, as reflected in Admar's incontestable federal Registration No. 2,335,700. The NUBY Logo is inherently distinctive or, in the alternative, has acquired secondary meaning. Both the NUBY word mark and the NUBY Logo identify Admar (and its licensees) as the source of various products.

36. Defendants' unauthorized use in commerce of the NUBY word mark and NUBY Logo constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' post and "documentary" by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Plaintiff is, or is likely to be, damaged by Defendants' conduct within the meaning of Section 43(a) of the Lanham Act, having suffered injury to a commercial interest in reputation or sales associated with the NUBY word mark and the NUBY Logo, proximately caused by Defendants' conduct.

38. Defendants' conduct is causing immediate and irreparable harm to Plaintiff for which it has no adequate remedy at law. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and the costs of the action under sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II**

**Federal Trademark Infringement—Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

39. Plaintiff repeats and realleges the allegations of each of the foregoing and following paragraphs as if fully set forth herein.

40. Plaintiff is the owner of the valid, subsisting, and legally protectable United States Trademark Registration No. 2,335,700 for the NUBY word mark, a true and correct copy of which

is attached as Exhibit A. Plaintiff's NUBY trademark registration is incontestable.

41. Defendants' unauthorized use in commerce of the NUBY word mark, as alleged herein, is likely to cause confusion, mistake, or deception as to the source, ownership, sponsorship, affiliation, or connection of Defendants and their activities with Plaintiff Admar and the NUBY word mark and therefore constitutes infringement of Plaintiff's registered mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Defendants committed these acts with knowledge of Plaintiff's prior rights and with the willful intent to cause confusion and to trade on Plaintiff Admar's goodwill.

43. Defendants' conduct is causing immediate and irreparable harm to Plaintiff for which it has no adequate remedy at law. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, damages, enhanced damages, costs, and attorneys' fees, under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT III
## Federal Trademark Counterfeiting—Section 32 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116(d), and 1117(b)–(c)

44. Plaintiff repeats and realleges the allegations of each of the foregoing and following paragraphs as if fully set forth herein.

45. Plaintiff owns the valid, subsisting, and incontestable United States Trademark Registration No. 2,335,700 for the NUBY word mark, registered on the Principal Register of the USPTO and in use in commerce in connection with the goods identified therein, together with the additional federal registrations for the NUBY word mark identified in Exhibit B.

46. The "NUBY" designation that Defendants reproduced and used in commerce in their post and accompanying promotional materials is a spurious mark that is identical with, or substantially indistinguishable from, Admar's registered NUBY word mark, and therefore is a "counterfeit" of

a registered mark within the meaning of 15 U.S.C. §§ 1116(d) and 1127.

47. Defendants used the counterfeit NUBY mark in commerce in connection with the advertising and promotion of their "documentary" and related commercial activities, without the authorization or consent of Plaintiff, in a manner likely to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. Defendants intentionally used the NUBY word mark with knowledge that it was a counterfeit of Plaintiff's registered mark, and their conduct was willful within the meaning of 15 U.S.C. § 1117(b).

49. By reason of Defendants' willful use of a counterfeit of the registered NUBY word mark, Plaintiff is entitled to enhanced relief, including three times its damages or Defendants' profits, whichever is greater, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b), or, at Plaintiff's election, statutory damages pursuant to 15 U.S.C. § 1117(c), as well as injunctive relief and the seizure and destruction of counterfeit materials pursuant to 15 U.S.C. § 1116(d). Defendants' conduct is causing immediate and irreparable harm to Plaintiff for which it has no adequate remedy at law.

## COUNT IV
## Federal Trademark Dilution—Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

50. Plaintiff repeats and realleges each of the foregoing and following paragraphs as if fully set forth herein.

51. The NUBY word mark and NUBY Logo are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that they are widely recognized by the consuming public as a designation of the source of Plaintiff's goods and became famous long before Defendants' acts alleged herein.

52. As the owner of the famous NUBY marks, Plaintiff is entitled to relief under Section 43(c).

Defendants' use and reproduction of the NUBY marks is likely to cause dilution of the NUBY marks by blurring, by impairing the distinctiveness of the mark, and dilution by tarnishment, by harming the reputation and goodwill associated with the mark through its association with Defendants' "documentary" and the conduct depicted therein. Defendants' acts were willful and were undertaken with the intent to trade on the recognition of the famous NUBY marks.

53. Defendants' conduct is willful and is causing immediate and irreparable harm to Plaintiff for which it has no adequate remedy at law, and Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, damages, enhanced damages, costs, and attorneys' fees, under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT V
## Louisiana Trademark Infringement—La. R.S. § 51:222

54. Plaintiff repeats and realleges each of the foregoing and following paragraphs as if fully set forth herein.

55. Plaintiff is the owner of valid, subsisting, and active Louisiana trademark registrations for the NUBY word mark and NUBY Logo, issued by the Louisiana Secretary of State and identified in Exhibit C.

56. Defendants' unauthorized use and reproduction of the NUBY word mark and NUBY Logo, without the consent of Plaintiff, in connection with the advertising and promotion of Defendants' "documentary" and related activities, is likely to cause confusion, mistake, or deception as to the source or origin of those services and constitutes trademark infringement under La. R.S. § 51:222.

57. As the owner of the registered NUBY word mark and NUBY Logo, Plaintiff is entitled to the remedies provided by La. R.S. § 51:223, including injunctive relief restraining Defendants' use of the marks, an award of all profits derived by Defendants and all damages sustained by Admar, and destruction of infringing materials.

58. Defendants' conduct is causing immediate and irreparable harm to Admar for which it has no adequate remedy at law.

**COUNT VI**
**Injury to Business and Reputation; Dilution—La. R.S. § 51:223.1**

59. Plaintiff repeats and realleges each of the foregoing and following paragraphs as if fully set forth herein.

60. Defendants' activities complained of herein have injured Plaintiff's business reputation and diluted the distinctive quality of the NUBY word mark and NUBY Logo.

61. Defendants' use and advertisement of the NUBY word mark and NUBY Logo in connection with Defendants' activities, which are unconnected to Plaintiff, and which are neither sponsored by Plaintiff nor within Plaintiff's control, are likely to continue to dilute the quality of Plaintiff's NUBY marks and injure Plaintiff's business reputation.

62. In light of the foregoing, Defendants' actions constitute a violation of La. R.S. § 51:223.1. Plaintiff is entitled to injunctive relief.

**JURY DEMAND**

63. Plaintiff prays for a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that after due proceedings are had, there be judgment in its favor and against Defendants Lisa Jacquelyn Hakim and Chazon "Zoni" Stein, granting the following relief:

a. Adjudging that Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), including through the use of a counterfeit mark; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and have violated La. R.S. § 51:222 *et seq.*;

b. Ordering that Defendants remove the posts depicting the NUBY marks and preliminarily and permanently enjoining Defendants, and their respective officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with any of them, from any further use of the NUBY marks or any mark confusingly similar to them, and from any further acts of infringement, counterfeiting, false designation of origin, false association, dilution, or unfair competition;

c. Directing Defendants, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after entry of any injunction, a written report under oath setting forth in detail the manner and form of Defendants' compliance therewith;

d. Directing an accounting of all gains, profits, and advantages Defendants derived from their unauthorized use of the NUBY marks, and awarding Plaintiff those profits pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

e. Awarding Plaintiff its actual damages sustained as a result of Defendants' conduct, and, as to actual damages, up to three times that amount, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

f. Awarding Plaintiff, by reason of Defendants' willful use of a counterfeit mark, three times Plaintiff's damages or Defendants' profits, whichever is greater, together with reasonable attorneys' fees, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b), or, at Plaintiff's election, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

g. Awarding Plaintiff its actual damages and all profits derived by Defendants under La. R.S. § 51:223;

h. Declaring this an exceptional case and awarding Plaintiff reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

i. Awarding Plaintiff the costs of this action, together with prejudgment and post-judgment interest on all sums awarded; and

j. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 12, 2026

Kerry J. Miller, La. Bar No. 24562
Rebekka Veith, La. Bar No. 36062
Stephanie Wartelle, La. Bar No. 40095
MILLER THIBODEAUX DYSART
VEITH & PASCHAL, LLC
643 Magazine Street, Ste. 405
New Orleans, LA 70130
(504) 977-9140 (Telephone)
(504) 977-9151 (Facsimile)